# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY HUNT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION 12-0752-WS-B |
| TONY PATTERSON, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the plaintiff's appeal from an order of the Magistrate Judge. (Doc. 44). The plaintiff asserts that the Magistrate Judge improperly terminated the Department of Corrections and Holman Correctional as defendants, leaving only Tony Patterson as a defendant. As relief, he seeks the reinstatement of the Department of Corrections as a defendant. (*Id*.).

The original complaint named only Patterson as a defendant. (Doc. 1 at 1, 9). Two months later, the plaintiff filed a document styled, "Change to defendant's/title", stating that he "would change name/title of Defendant to: Defendants in plural … Department of Corrections[,] Waren of Holman Correctional [and] Tony Patterson." (Doc. 6). The Magistrate Judge grated the motion and ordered the plaintiff "to file his Amended Complaint [and to] detail [therein] the actions allegedly undertaken by each Defendant to violate his rights." (Doc. 10).

The plaintiff thereupon filed a "motion to amend complaint to add as defendants Department of corrections, and Holman correctional facility." (Doc. 11). Although the plaintiff's filing was styled as a motion, since it was filed after the Magistrate Judge granted the plaintiff permission to file an amended complaint, and since it performed the function of an amended complaint, the Magistrate Judge properly construed the filing as an amended complaint. (Doc. 15 at 1). Because the plaintiff had not filed his amended

complaint on the approved form, the Magistrate Judge properly directed him to re-file his amended complaint on the proper form. (*Id*.).

The plaintiff incorrectly interpreted the Magistrate Judge's order as threatening to dismiss the action without prejudice should the plaintiff include in his re-filed amended complaint any allegation appearing in his already-filed amended complaint, and on that basis the plaintiff appealed. (Doc. 17). Because no legal or factual error appeared, the Court affirmed the Magistrate Judge. (Doc. 18). In so doing, the Court assured the plaintiff that the Magistrate Judge had made no such threat but had simply (and properly) required the plaintiff to include all his allegations in the re-filed amended complaint, which could include allegations from the previously filed amended complaint. (*Id*. at 1-2).

As part of his appeal, the plaintiff asked the Court to strike his amended complaint. (Doc. 17). The Court responded that such relief was probably unnecessary in light of the true import of the Magistrate Judge's order and that, in any event, the plaintiff had filed no motion to strike and thus could not obtain that relief. (Doc. 18 at 2).

In response, the plaintiff filed a motion "to strike Document #11" (his amended complaint). (Doc. 21). The plaintiff explained that he "does not wish to refile a new complaint"; instead, he "ask[ed] this honorable court to proceed with original filing request asked for" and that his intent was "for original filing to go forward." (*Id*.).[1]

The Magistrate Judge correctly construed the motion to strike as reflecting the plaintiff's "desir[e] to dismiss his Amended Complaint (Doc. 11), and have his original complaint (Doc. 1) serve as his operative pleadings in this case." (Doc. 22). The Magistrate Judge granted the plaintiff's motion.

As noted, the amended complaint included three defendants while the original complaint named only Patterson as a defendant. Once the Magistrate Judge granted the plaintiff's motion to strike the amended complaint, the institutional defendants necessarily were removed from the action because they are not named as defendants in

---

[1] The plaintiff also "move[d] court to strike amended complaint" or to "strike amended petition" but, other than Document 11, there was no amended complaint or petition.

the original complaint – the version of the complaint the plaintiff insisted on pursuing.  In recognition of this fact, the Magistrate Judge correctly stated that "[t]his action shall proceed against Warden Tony Patterson" only.  (*Id*.).

"A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a).  The plaintiff identifies, and the Court detects, no clear or legal error.

The plaintiff's only argument is that, after the Magistrate Judge granted his motion to strike, the Clerk received and docketed an amended complaint filed on the proper form, as required by the Magistrate Judge's earlier order.  (Doc. 23).  Under the prisoner mailbox rule, that amended complaint may (or may not) be considered filed prior to the Magistrate Judge's order,[2] but it does not affect the accuracy of her statement that, with the amended complaint stricken and the plaintiff proceeding under the original complaint (as he demanded), only Patterson was a defendant.  The identity of the defendant or defendants under the re-filed amended complaint, (Doc. 23), was not a subject of the Magistrate Judge's order and thus cannot be a proper object of appeal.

For the reasons set forth above, the Magistrate Judge's order is **affirmed.**

DONE and ORDERED this 4th day of August, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotes omitted).  The Magistrate Judge's order was entered April 22, 2013 at 8:39 a.m.  The plaintiff's certificate of service represents that he delivered the amended complaint to prison authorities on April 21, 2013, but the postmark is dated April 23, 2013.  (Doc. 23 at 12-13).