```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

GREGORY HUNT (#Z-521 - N-6),      *
                                  *
    Plaintiff,                    *
                                  *
vs.                               *   CIVIL ACTION NO.12-00752-WS-B
                                  *
TONY PATTERSON, *et al.*,         *
                                  *
    Defendants.                   *

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Request to Reinstate the Department of Correction as a Defendant (Doc. 48). The Court is treating Plaintiff's request as a motion to amend his complaint to add the Alabama Department of Corrections as a Defendant. Upon consideration, the undersigned recommends that Plaintiff's motion be **DENIED** as futile.

While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely given when justice so requires, permission to amend may be denied when the claim, as amended, is subject to dismissal. See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985). In the instant action, Plaintiff seeks to amend his complaint to name the Alabama Department of Corrections as a defendant; however, it is well settled that the Eleventh Amendment to the United States Constitution bars § 1983 claims in federal court against the state or an agency of the state. See Alabama v. Pugh, 438 U.S. 781, 98 S.

Ct. 3057, 57 L. Ed. 2d 1114 (1978); see also Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). As the Supreme Court has stated:

> [T]here can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 389 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S. Ct. 185, 82 L. Ed. 268 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, sec. 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. at 782. Accordingly, because Plaintiff cannot maintain a § 1983 action against the Alabama Department of Corrections, his motion to amend his complaint to add the department as a Defendant is due to be denied as futile. See Chandler v. Alabama Dept. of Corrections, 2014 U.S. Dist. LEXIS 107432 (N.D. Ala. June 18, 2014).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **August, 2014.**

                                       /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**